JAIME A. LEANOS, Esq. - SBN: 159471
LAW OFFICES OF MORALES & LEANOS
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone:  (408) 294-6800
Facsimile:  (408) 294-7102
E-mail:     jleanoslaw@pacbell.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| B.H.N., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, CARLOS HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN BYERS, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | CASE NO: CV 14-3768<br><br>COMPLAINT FOR DAMAGES<br><br>1. 42 U.S.C §1983 & 1981 (Fourth Amendment)<br>2. Battery<br>3. Negligence<br>4. Intentional Infliction of Emotional Distress<br><br>(JURY TRIAL DEMANDED) |

Plaintiff, B.H.N., a minor, by and through his Guardian Ad Litem, Carlos Hernandez, hereby alleges as follows:

////
////
////

-1-

COMPLAINT FOR DAMAGES

## I. INTRODUCTION

1. This is a civil action seeking damages arising from the illegal and unconstitutional arrest, use of excessive force, battery, false imprisonment and intentional infliction of emotional distress of B.H.N. (or "Plaintiff") by San Jose Police Officer Jonathan Byers ("Defendant").

2. On August 1, 2013, B.H.N., was arrested for a felony violation of penal code section 69 ( Felony Resisting Arrest), a misdemeanor violation of penal code section 242-243(b) (Battery Upon a Police Officer), a misdemeanor violation of penal code section 148(a)(1) (Resisting, Delaying, Obstructing a Police Officer), and a misdemeanor violation of penal code section 594(a)/(b)(2)(a) ( Vandalism ).

3. During the arrest, Defendant- Officer Byers repeatedly batoned, punched, beat, kicked, and stepped- on Plaintiff he laid defenseless and attempted to protect himself from the defendant's attack.

4. Defendant- Officer Byers submitted a false police report to the Santa Clara County District Attorney's Office claiming Plaintiff had resisted arrest and assaulted him prior to his arrest. Based on this false information the district attorney's office filed a Felony resisting arrest charge against plaintiff.

5. As a result of the excessive force by Defendant- Officer Byers, Plaintiff sustained fractures to both arms and several broken teeth. He also suffered bruising to his left lower ribs, right lower leg and other serious injuries that required him being taken to the hospital. In addition to the physical harmed suffered, Plaintiff was also subjected to and emotional pain.

6. Plaintiff, B.H.N., a minor, by and through his Guadian Ad Litem, Carlos Hernandez, and now brings this action for damages.

////
////
////
////

COMPLAINT FOR DAMAGES

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction of the subject matter of this action under 42 U.S.C. Sections 1983 for the deprivation of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States. The jurisdiction of this court is predicated upon 28 U.S.C. Section 1331.

8. The Court has personal jurisdiction over the named defendant named herein because the plaintiff is informed and believes and on that basis alleges that the defendant is currently domiciled in the State of California.

9. The court has pendant and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. Section 1367. The pendant state law claims contained in this Complaint arises from the same nucleus of operative facts, and involves identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

10. On or about January 29, 2014, plaintiff presented a written claim for damages with the City pursuant to California Government Code Section 910 et eq. On February 19, 2014, the City of San Jose rejected plaintiff's claim.

11. Venue is proper in the Northern District of California, under 28 U.S.C. Section 1391(b)(1) and (2) because some or all of the defendants to this action reside in this District and because a substantial part, if not all, of the events or omissions giving rise to plaintiffs' claim occurred in this judicial district.

### INTRADISTRICT ASSIGNMENT

12. Pursuant to Northern District Civil Local Rule 3-29 (c), intradistrict assignment to the San Jose Division of the Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in the County of Santa Clara.

////

COMPLAINT FOR DAMAGES

## III. PARTIES

13. The plaintiff in this case is B.H.N. ("Hernandez – Navarro"), a minor, by and through his Guardian Ad Litem, Carlos Hernandez and was at all relevant times hereto, a resident of the City of San Jose, County of Santa Clara, State of California.

14. Defendant Jonathan Byers ("Defendant-Officer"), sued in both his individual and official capacities, is a resident of California on information and belief, and all relevant times has been a San Jose Police Officer for the City of San Jose.

15. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to plaintiffs for the damages hereinafter alleged.

16. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries, and damages set forth herein, and that each of the defendants proximately caused said incident, injuries, and damages by reason of their violation of constitutional and legal rights, negligence, breach of duty, negligent supervision, management or control, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment or control or upon any other act or omission.

COMPLAINT FOR DAMAGES

17. Each of the defendants, including Does 1 through 10, caused and is responsible for the unlawful conduct described herein and the resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so, with deliberate indifference to plaintiff's rights.

18. In doing the acts and/or omissions alleged herein, defendants and each of them, acted within the course and scope of their employment for the City of Gilroy.

19. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

20. In doing the acts and/or omissions alleged herein, defendants, and each of them acted as the agent, servant, employee and/or in concert with each of said other defendants.

21. All individual defendants are guilty of fraud, oppression, and/or malice that would justify the imposition of punitive and exemplary damages.

22. Plaintiff, B.H.N., was seriously injured, emotionally and physically, as a direct and proximate result of the actions of the defendants and does 1-10.

## IV. FACTUAL ALLEGATIONS - The Arrest of B.H.N.

23. On or about August 1, 2013, at approximately 2:40 a.m., San Jose Police Officer Jonathan Byers (Badge No. 4152), observed a black 2004 BMW 330xi parked along a freeway barrier and two subjects standing to the rear of the vehicle. Defendant-Officer also observed a spray paint can Based on his observations defendant-officer conducted a graffiti investigation on the Southbound Highway 87 on-ramp from Southbound Highway 280.

24. As Defendant-Officer Byers parked his patrol vehicle to the front of the BMW, he observed two subjects outside the vehicle approximately twenty-five feet away. As the Defendant approached the black BMW the two subjects fled on

-5-

COMPLAINT FOR DAMAGES

foot toward Bird Avenue.

25. At this point, Defendant - Officer Byers saw two subjects sitting inside the parked BMW. Mario Gonzalez-Silva was seated in the driver's seat and plaintiff, B.H.N. was seated in the rear passenger seat. Defendant- Officer immediately ordered Mario Gonzalez-Silva out of the car and handcuffed him. Defendant-Officer then ordered Plaintiff Hernandez- Navarro to exit the BMW and lie down on the ground. At no point prior exiting the vehicle and lying down did the plaintiff threaten, challenge, strike or attempt to strike the officer.

26. Thereafter, without provocation or legal justification, the Defendant-Officer Byers subjected plaintiff to excessive force, including but not limited to, repeated baton strikes to his body, face and head, resulting in a broken arm in two places and broken teeth, unnecessary punches and kicks, bending of his arms and legs without justification, all demonstrating a deliberate indifference to the health and well being of the plaintiff.

27. The excessive and unlawful use of force against the plaintiff resulted in severe injuries, including but not limited to, two broken arms, one arm in two places, several broken teeth, bruising to his left lower ribs and right leg.

28. Plaintiff was subjected to numerous baton strikes as he was lying on the ground in a prone position and not resisting the officer. The repeated baton strikes and other force used against the plaintiff were unreasonable and excessive under the circumstances, demonstrating a deliberate indifference which shocks the conscience and caused serious injuries to the plaintiff.

29. Defendant- Officer Byers submitted a false police report to the Santa Clara District Attorney's Office claiming Plaintiff B.H.N had assaulted him prior to his arrest.

30. As a result of the foregoing, plaintiff sustained serious injuries and emotional trauma consistent with the application of the excessive force and baton strikes. Plaintiff further suffered intense physical and emotional pain, anguish,

distress and despair and was deprived of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. The fabrication of false allegations submitted in the reports by the Defendant-Officer and excessive force used against the plaintiff Hernandez-Navarro by Defendant-Officer Byers was the proximate cause of plaintiff's injuries.

V. **CAUSES OF ACTION**

### FIRST CAUSE OF ACTION
### VIOLATION OF THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION
### 42 U.S.C. §§ 1983, 1981

31. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

32. Defendant- Officer's conduct violated the rights of B.H.N. under the 4th Amendment right to be free from unreasonable seizures. The defendant- officer is liable to Plaintiff Hernandez-Navarro for violations of his constitutional rights.

33. These violations are compensable pursuant to 42 U.S.C. sections 1983 and 1981.

34. As a result of defendant's conduct, plaintiff has suffered significant psychological and physical harm, loss of his freedom and pain and suffering.

35. Defendant- Officer's acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Plaintiff B.H.N. constitutional rights, thereby entitling plaintiff to an award of exemplary or punitive damages.

36. The acts of the Defendant-Officer Byers, and each of them, that constitute deprivation of Plaintiff's civil rights and are the basis of the claims herein include:

(a) Officer- Defendant employed unnecessary and excessive force in Plaintiff's detention, restraint and arrest, inflicting physical trauma to his body, face, head, legs, back and arms. This trauma was a substantial factor in causing his physical injuries.

(b) Officer – Defendant was grossly negligent or acted with reckless disregard for the risk of physical injuries when he forced Mr. Hernandez-Navarro to the ground, beat him with a baton, continued to assault him, when plaintiff was not fighting or resisting the officer-defendant.

(c) Officer – Defendant was also grossly negligent and acted with reckless disregard for the risk of plaintiff's injuries when they ignored Mr. Hernandez-Navarro's injuries and broken arms and forced him into handcuffs.

## SECOND CAUSE OF ACTION

### (Battery)

37. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 30 as though fully set forth herein.

38. Plaintiff asserts a claim of battery against Defendant-Officer Byers based upon the unlawful touching of plaintiff which was the direct and legal cause of his injuries and the resulting damages and loss to plaintiff. At all times during the unlawful touching of plaintiff, defendant was acting within the course and scope of his employment with the City of San Jose. The City of San Jose is thus vicariously liable for the acts of the defendant who committed the battery upon plaintiff pursuant to Government Code Sections 815.2 (a) and 820 (a). The non-consensual contact by the involved Defendant-Officer against the plaintiff amounted to unreasonable force and included, but was not limited to, unnecessary and improper use of force and the improper and excessive use of the baton on the plaintiff.

39. Plaintiff is informed and believes and thereon alleges that the

COMPLAINT FOR DAMAGES

aforementioned acts of the defendant-officer was willful, malicious, intentional, oppressive, reckless and/or was done in willful and conscious disregard of the rights, welfare and safety of the plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

40. The battery also includes the repeated strikes of the baton on plaintiff's body. The battery also includes, punches, kicks while the plaintiff was not resisting and lying in a defenseless prone position.

41. As a direct and legal cause of the acts and omissions of the Defendant – Officer and each of them, the plaintiff has suffered damages, including without limitation, pain and suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

## THIRD CAUSE OF ACTION
### (Negligence)

42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 in this complaint.

43. Defendant was negligent, and/or reckless and such conduct caused harm to Plaintiff. Defendant was negligent and/or reckless in performing his duties and failed, neglected, and/or refused to properly and fully discharge his responsibility by, among other things:

    (a) Using unnecessary, excessive force against Plaintiff, which would not have been applied by a reasonable police officer under the circumstances;

    (b) Grossly miscalculating the inherent dangerousness of the situation and thereby creating a situation in which serious bodily harm would likely result;

    (c) Failing to practice and follow sufficient police procedures to ensure the officers and the public's safety;

    (d) Failing to exercise the proper method of arresting and detaining Plaintiff that resulted in the unnecessary escalation of force; and

44. As a result of Defendants' conduct, Plaintiff has suffered significant physical and emotional harm, and pain and suffering.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

45. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

46. The conduct of Defendant- Officer Byers as set forth herein, was extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society. Defendant committed the aforementioned extreme and outrageous acts with the intent to inflict severe emotional distress upon plaintiff.

47. As a proximate result of said Defendant- Officer's willful, intentional and malicious conduct, plaintiff suffered severe emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendant and plaintiff has suffered injuries and damages hereinafter set forth.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against all defendants, and each of them, as follows:

1. For general damages against all defendants, jointly and severally, in the sum of $1,000,000 and otherwise as determined at trial;

2. For special damages against all defendants, jointly and severally, in an amount to be proven at trial;

3. For punitive and exemplary damages against the individual defendants, and DOES 1-10, jointly and severally, in an amount to be proven at trial;

4. For attorneys fees under 18 U.S.C. Section 1988;

5. For costs of suit; and

6. For whatever further relief, including injunctive relief, as may be just and proper.

### JURY DEMANDED

Plaintiffs hereby demand trial by Jury.

Dated: August 19, 2014      LAW OFFICES OF MORALES & LEANOS

By: ___/s/ Jaime A. Leaños___
Attorney for Plaintiff

COMPLAINT FOR DAMAGES

# EXHIBIT "A"

```
 1  JAIME A. LEANOS, Esq. - SBN: 159471
    LAW OFFICES OF MORALES & LEAÑOS
 2  75 East Santa Clara Street, Suite 250
    San Jose, CA 95113
 3  Telephone:  (408) 294-6800
    Facsimile:  (408) 294-7102
 4  E-mail:     jleanoslaw@pacbell.net

 5  Attorney for Plaintiff
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| B.H.N., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, CARLOS HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN BYERS, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | CASE NO: CV 14-3768 <br><br> APPLICATION FOR APPOINTMENT AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF B.H.N. |

## APPLICATION FOR APPOINTMENT AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF

1. Bryan Hernandez-Navarro ("BHN") is a minor plaintiff in the above-referenced case. Plaintiff BHN is over the age of fourteen (14), having been born

APPLICATION FOR APPOINTMENT AS GUARDIAN AD LITEM

on October 4, 1996. Carlos Hernandez, who is not a plaintiff in this matter, is the father of minor plaintiff BHN.

2.     Minor, plaintiff BHN, has claims, as alleged in the complaint filed in the herein action, arising out of the violation of his rights civil rights. On August 1, 2012, San Jose Police Officer Jonathan Byers violated BHN Civil Rights by applying unnecessary and excessive force during an arrest of plaintiff.

3.     Mr. Hernandez has no interest potentially adverse to the minor plaintiff, BHN.

4.     Mr. Hernandez is a resident of the County of Santa Clara, State of California.

5.     Mr. Hernandez is a responsible adult and fully competent to understand and protect the rights of said minor.

6.     Plaintiff therefore respectfully requests an order appointing Mr. Hernandez as guardian ad litem for minor plaintiff BHN.

Dated: August 18, 2014        LAW OFFICES OF MORALES & LEANOS

Jaime A. Leaños
*Attorney for Plaintiff*

Dated: August 18, 2014

Bryan Hernandez Navarro
*Plaintiff*

Dated: August 18, 2014

Carlos Hernandez
*Guardian ad Litem for Plaintiff*
*Bryan Hernandez Navarro*

-2-

APPLICATION FOR APPOINTMENT AS GUARDIAN AD LITEM